FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2022 AUG 10 PM 2:50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES OF AMERICA

v.   CASE NO. 6:22-cr-124-PGB-LHP
     18 U.S.C. § 2252A(a)(5)(B)

DAVID ERIC JENIK         SEALED

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between on or about September 4, 2019, and on or about September 4, 2021, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ERIC JENIK,

did knowingly possess materials that contained images of child pornography, that had been shipped and transported using any means and facility of interstate and foreign commerce and were produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means and an image involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

### FORFEITURE

1.   The allegation contained in Count One is incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: Black desktop cyber Power PC, Model C series, seized from the defendant's residence on November 2, 2021.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be

subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

███████████████████
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Amanda S. Daniels
Assistant United States Attorney

By: *[signature]*
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
August 22

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

DAVID ERIC JENIK

### INDICTMENT

Violations:  18 U.S.C. § 2252A(a)(5)(B)

A true bill ███████████████

_____
Foreperson

Filed in open court this 10th day of August, 2022.

_____
Clerk

Bail $_____